## Roger Dale PENNINGTON *v.*
## STATE of Arkansas

CR 76-144

545 S.W. 2d 72

Opinion delivered January 10, 1977
(Division I)

*Harold L. Hall,* Public Defender, by: *John W. Achor,* Chief Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Roger Dale Pennington was convicted for violating Ark. Stat. Ann. § 41-3508 (Repl. 1964) which proscribes escape from a penitentiary. He appeals alleging that the state failed to sufficiently prove that he was the same Roger Pennington who had been convicted of kidnapping and robbery and committed to the Department of Correction; or that his custody, at the State Hospital, was lawful.

To convict a person of the crime of escape in violation of § 41-3508 the state must present evidence that the accused was convicted of a crime, was committed to the Department of Correction and escaped from the custody of the Department. It is not sufficient merely to offer evidence that

someone by the same name as the accused was convicted, but there must be evidence that the accused is the same identical person who was convicted. *State* v. *Murphy,* 10 Ark. 74.

The state submitted as evidence certified copies of a judgment and order rendered in St. Francis County on June 1, 1971, finding one Roger Pennington guilty of robbery and kidnapping and sentencing him to serve two concurrent 21-year sentences. The judgment ordered the clerk of the court to deliver a certified copy of the judgment to the Sheriff of St. Francis County to be delivered to the Department of Correction as authority for confinement of Pennington. The certified copy of the commitment recites that it was issued on June 10, 1971. The certified copy of the judgment also recites that the state's attorney was Fletcher Long, Jr., defense attorney was Knox Kinney and the docket number was 7898.

The Superintendent of the Tucker Unit, Arkansas Department of Correction testified that he was responsible for the records of the inmates incarcerated there; that he had with him the original records of Roger Dale Pennington. He stated that Arkansas Department of Correction Admission Summary (state's exhibit 2) and Status Assignment Release Date Record (state's exhibit 3) were kept in the normal course of business and that it was the regular course of the business at Tucker to keep such records. Although appellant's attorney objected at trial that there was an insufficient foundation laid for the admission of the records into evidence, this argument was not pursued on appeal and we cannot, without further research, say that the foundation was insufficient.

A copy of the admission summary, included in the record, bears the name Roger Pennington, inmate No. 62258. A photograph bearing the numbers 62258 and 6-19-71 is attached. This record recites that two concurrent 21-year sentences were rendered on June 1, 1971 in St. Francis County, docket number 7898, for the offense of robbery and kidnapping; that the state's attorney was Fletcher Long and defense attorney was Knox Kinney. The copy of the Status Assignment Release Date Record included in the record bears the following: Inmate Name: Pennington, Roger; Date,

9-13-74; Assignment, Rel-State Hospital. The witness testified that this record shows that Pennington was sent out to the State Hospital on September 13, 1974.

Two other witnesses testified that they were employed at the State Hospital on October 30, 1974. They stated that they recognized Pennington as having been a patient at the hospital on that day; that Pennington had been shackled with a leather ankle cuff to a wheelchair but that on the evening of October 30, 1974 the wheelchair was found empty, close to an open window; that they searched for Pennington but he was not found in the hospital or on the grounds.

Appellant does not allege that the state has failed to sufficiently prove that he was in the State Hospital on October 30, 1974, that he had been an inmate at Tucker, or that the prison records refer to him. He alleges only that the state has not presented sufficient evidence to prove that he is the same person who was convicted of robbery and kidnapping in St. Francis County on June 1, 1971, but does not otherwise challenge the accuracy of the records kept in the regular course of business.

Although it is incumbent on the state to present evidence that the accused is the same person who was previously convicted, the proof of identity may be circumstantial, *State v. Murphy*, supra. The identity of facts recited on the judgment and sentence with the Admission Summary could not likely have been the result of coincidence; therefore the state has sufficiently proved the identity of the appellant by circumstantial evidence, which is substantial.

Appellant's second contention is also without merit. It is from the State Hospital that the appellant escaped, and he now claims that there is no evidence that he was in the lawful custody of the State Hospital. Ark. Stat. Ann. § 46-106 (Supp. 1975) provides that all commitments are to be made to the Department of Correction. It is provided in § 46-150 that an inmate may be taken, when necessary, to a medical facility outside the institution and in Ark. Stat. Ann. § 46-153 (Supp. 1975) that the Commissioner may transfer an inmate for observation and diagnosis to the State Hospital. It was not

required, for the purposes of Ark. Stat. Ann. § 41-3508 that the state prove that a transfer of an inmate from one institution to another was necessary so long as it was within the authority of the Department to make such transfer. The state must prove only that the accused was in the custody of the Department of Correction when he escaped. The records in evidence and the testimony of the Superintendent of Tucker and the other witnesses are sufficient to show that the appellant was transferred from Tucker to the State Hsopital; therefore he was still in the custody of the Department of Correction when he escaped, insofar as Ark. Stat. Ann. § 41-3508 is concerned.

There is another matter which we must mention in connection with this appeal. Appellant moved to dismiss the deputy public defender as his attorney on this appeal. We denied that motion by a Per Curiam order of this court without prejudice to appellant's filing a supplemental pro se brief on appeal with this court. When afforded the opportunity to do so, appellant failed to address himself to the issues on appeal. He simply filed a "Motion to Dismiss Appointed Counsel and Strike Attorney's Brief" on December 17, 1976. This hand lettered document was nothing more than a renewal of his previous motion. By filing it, in spite of notice by the clerk of this court on November 24, 1976, that the pro se brief had not been received, appellant has waived the right to file such a brief.

The judgment is affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.